UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION** |
| **VERSUS** | **NO: 14-173** |
| **TERRELL WASHINGTON** | **SECTION: "S" (4)** |

## ORDER AND REASONS

**IT IS HEREBY ORDERED** that defendant, Terrell Washington's, **Motion for Early Termination of Supervised Release** (Rec. Doc. 122) is **DENIED**.

## BACKGROUND

Defendant is currently under supervision in this court in connection with two separate convictions. In the instant case, Case No. 14-173 "S", defendant pled guilty on May 26, 2016 to conspiracy to possess five or more false identification documents (18 U.S.C. § 1028(f)), and aggravated identify theft (18 U.S.C. § 1028A). On August 25, 2016, he was sentenced to 34 months in prison and three years of supervised release. Defendant also pled guilty in a second case, Case No. 16-93 "S", to aggravated identity theft (18 U.S.C. § 1028A), and fraud in relation to identification documents (18 U.S.C. §§ 1028(a)(3) and 2). On the same date, he was sentenced to a total of 34 months in prison and three years of supervised release in connection with this second conviction, to be served concurrently.

Defendant now resides in Woodbridge, Virginia, where he works as a commercial truck driver. His supervised release is set to terminate on December 21, 2020, but he has moved the court for early termination, arguing that his supervised release places an undue burden on his

ability to function in his employment as a commercial truck driver. The government opposes the motion, based on information provided by defendant's probation officer, establishing that defendant is under the least restrictive terms of supervision, which do not interfere with his work. Defendant does most of his reporting by telephone or electronically, with only occasional in-person meetings. He has also not finished paying restitution, and has had at least one violation of supervised release. Accordingly, the government argues that it is not burdensome for Washington to complete the remainder of his supervised release term, which expires in approximately eight months.

## DISCUSSION

Under title 18, section 3583(e)(1) of the United States Code, a court may "terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release ... if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice," after considering the factors set forth in 18 U.S.C. § 3553(a). Those factors include the nature of the offense, the history and characteristics of the defendant, the need for the sentence to deter criminal activity, the need to protect the public, the need to provide the defendant with educational or vocational training, and the kinds of sentences and sentencing ranges available. 18 U.S.C. § 3553(a). Section 3583(e)(1) "confers broad discretion" on the court in determining whether termination of supervised release is warranted. United States v. Jeanes, 150 F.3d 483, 484 (5th Cir. 1998). However, it is only when "extraordinary circumstances" are present that termination is justified. United States v. Hayes, 2013 WL 5328874, at *1 (E.D. La. Sept. 20, 2013). Merely "abiding by the terms of ...

supervised release" is not enough, because that "is the expectation for all defendants." Id.

Defendant has apparently made admirable progress while incarcerated and on supervised release in both his professional and family life. However, it is not unblemished. In July 2018, the U.S. Probation Office in New Orleans reported to the court that defendant opened new lines of credit without permission from the U.S. Probation Office,[1] in violation of a condition imposed due to defendant's identity theft conviction. Further, while defendant has paid only approximately half of his ordered restitution, which is due in monthly payments of $250.00, in 2018 he purchased a 2014 Jaguar for $24,000.00 under an arrangement requiring him to pay $600.00 per month for the vehicle.

As for the alleged burden affecting defendant's pursuit of his livelihood as a commercial truck driver, his current probation officer has reported that he is aware that defendant works as a commercial truck driver, and therefore defendant is permitted to travel anywhere in the continental United States, and in-person visits are not even held on a monthly basis with defendant. Defendant is permitted to report to his probation officer by phone or electronically.[2]

On this record, the court cannot conclude that defendant's supervision constitutes an undue burden, or that this case presents extraordinary circumstances warranting early termination. Accordingly,

**IT IS HEREBY ORDERED** that defendant, Terrell Washington's, **Motion for Early**

---

[1] Case No. 16-93, Rec. Doc. 23.

[2] Defendant's supervision was recently taken over by a new probation officer. While defendant contends that his prior probation officer, now retired, has "given his blessing," to early termination, the government was unable to confirm that.

**Termination of Supervised Release** (Rec. Doc. 122) is **DENIED**.

New Orleans, Louisiana, this  29th  day of April, 2020.

_____
**MARY ANN VIAL LEMMON**
**UNITED STATES DISTRICT JUDGE**